UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LISA BRYANT, ET AL.                     CIVIL ACTION


VERSUS                                  NO: 13-6125

JEAN T. ROSSER, ET AL.                  SECTION: R(1)


## ORDER AND REASONS

Plaintiffs move the Court to remand this diversity case to state court, arguing that the amount in controversy does not exceed $75,000.[1] Because defendants have not proved by a preponderance of the evidence that the jurisdictional threshold is satisfied, the Court GRANTS plaintiffs' motion.


**I.   BACKGROUND**

On September 6, 2013, Lisa Bryant, Kendrick Wells, and Shayneal Abdullah filed this lawsuit against Jean Rosser, G&P Trucking Company, and National Union Fire Insurance Company in Louisiana state court.[2] The complaint alleges that Rosser, an employee of G&P, negligently changed lanes while driving on Elysian Fields Avenue and struck plaintiffs' vehicle.[3] Plaintiffs allege that the resulting accident caused them to suffer injuries

---

[1]    R. Doc. 16.

[2]    *See* R. Doc. 1-1.

[3]    *Id.* at 1-2.

requiring medical treatment.[4] For example, Bryant allegedly suffered a herniated lumbar disc, an acute left trapezius strain, an acute left cervical strain, an acute left sternocleidomastoid muscle strain, an acute left anterior chest wall strain, and an acute left upper extremity strain.[5] Plaintiffs allege that defendants are liable to them for the following items of damage: "[p]ast, present, and future medicine, drugs, hospitalization, medical care, pain and suffering, residual disabilities, lost wages, and loss of future earning capacity, mental anguish, emotional upset and distress."[6]

On October 11, 2013, defendants timely removed the matter to this Court on the basis of diversity jurisdiction.[7] Plaintiffs now move to remand the case to state court, arguing that the amount in controversy does not exceed $75,000, as is required by the diversity jurisdiction statute, *see* 28 U.S.C. § 1332.[8] Plaintiffs have attached to their motion a stipulation stating that no plaintiff has damages in excess of $75,000 and that no plaintiff will execute a judgment greater than $75,000.[9]

---

[4]   *Id.* at 2-3.

[5]   *Id.* at 2.

[6]   *Id.* at 3.

[7]   R. Doc. 1.

[8]   R. Doc. 16. There is no dispute that complete diversity exists among the parties.

[9]   R. Doc. 16-2.

2

## II.   LEGAL STANDARD

### A.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating that federal jurisdiction exists. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). "[T]he jurisdictional facts that support removal must be judged at the time of removal . . . ." *Id*. In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### B.   Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that

amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, thereby barring removal. *Id.* "Thus, in the typical diversity case, the plaintiff remains the master of his complaint." *Id.*

Yet Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages. *See* La. Code Civ. P. art. 893; *Manguno*, 276 F.3d at 723. A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages. La. Civ. Code. P. art. 893. When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. "[W]here the district court is making the 'facially apparent'

4

determination, the proper procedure is to look only at the face
of the complaint and ask whether the amount in controversy was
likely to exceed [$75,000]." *Allen*, 63 F.3d at 1336. If the
"facially apparent" test is not met, the Court may consider
summary-judgment type evidence relevant to the amount in
controversy as of the time of removal. *Id.*

If the defendant meets its burden of showing the requisite
amount in controversy, the plaintiff can defeat removal only by
establishing with legal certainty that the claims are for less
than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. Absent a
statute limiting recovery, "[l]itigants who want to prevent
removal must file a binding stipulation or affidavit with their
complaints; once a defendant has removed the case, . . . later
filings [are] irrelevant." *Id.* at 1412 (quoting *In re Shell Oil
Co.*, 970 F.2d 355, 356 (7th Cir. 1992)); *see also id.* at 1412
n.10 ("The general principle is that plaintiffs will have to show
that they are bound irrevocably by their state pleadings in these
situations."). *Post*-removal affidavits may be considered only if
the amount in controversy is ambiguous at the time of removal,
and then only for purpose of determining the amount in
controversy as of the date of removal. *See Gebbia*, 233 F.3d at
883; *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia
(ANPAC), S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (if the
affidavit "clarif[ies] a petition that previously left the

jurisdictional question ambiguous," the court may consider the affidavit in determining whether removal was proper), *abrogated on other grounds by Marathon Oil Co. v. Ruhgras*, 145 F.3d 211 (5th Cir. 1998), *rev'd on other grounds*, 526 U.S. 574 (1999). If the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages cannot deprive the Court of jurisdiction. *Gebbia*, 233 F.3d at 883.

## III. DISCUSSION

Because the complaint does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendants must show that at least one plaintiff's claims, standing alone, satisfy the jurisdictional threshold; they cannot aggregate the value of multiple plaintiffs' claims. *See Snyder v. Harris*, 394 U.S. 332, at 335 (1969) ("[T]he separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement.").

The Court first looks to the face of the complaint to determine whether the amount in controversy is facially apparent. Lisa Bryant, the plaintiff alleging the most extensive damages, alleges that she suffered a herniated disc and several soft tissue injuries. She conclusorily seeks damages for past and future medical expenses, pain and suffering, disability, lost

wages, loss of earning capacity, and emotional distress.[10] Bryant does not, however, allege that her injuries have required or likely will require surgery. Moreover, the Court finds no indication in the state court record that plaintiff requested a trial by jury, which requires the claim to be for at least $50,000. *See* La. Code Civ. P. art. 1732(1).

The Court finds that plaintiffs' allegations are fairly "plain vanilla" and thus that it is not facially apparent that the amount in controversy requirement is satisfied. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999) (not facially apparent that amount in controversy requirement was satisfied when complaint alleged damages for "an injured shoulder, bruises, and abrasions," unidentified medical expenses, and loss of consortium); *Jupiter v. Lowe's Home Ctrs., Inc.*, Civil Action No. 12-895, 2012 WL 2878639, at *2 (E.D. La. July 13, 2012) (complaint containing "vanilla" allegations that plaintiff had suffered knee injuries and sought damages for "loss of enjoyment of life; physical disability, pain and suffering; past and future mental pain and suffering; disruption of bodily tissues and cells; and past, present, and future medical expenses" insufficient to put defendant on notice that amount in controversy exceeded $75,000); *Heaverlo v. Victoria's Secret Stores*, Civil Action No. 07-7303, 2008 WL 425575, at *2-3 (E.D.

---

[10]    R. Doc. 1-1 at 2-3.

7

La. Feb. 8, 2008) (not facially apparent that jurisdictional
threshold was satisfied when complaint alleged that defendants in
slip-and-fall case were "liable for past and future 'physical
pain and suffering, mental and emotional pain and suffering, loss
of enjoyment of life, permanent physical disability and
disfigurement, loss of consortium, inconvenience, expenses,
statutory and legal interest, court costs and attorney fees'");
*Bonck v. Marriot Hotels, Inc.*, No. Civ.A. 02-2740, 2002 WL
31890932, at *2-3 (E.D. La. Dec. 20, 2002); *Jeffcoats v. Rite-Aid
Pharmacy*, No. Civ.A. 01-764, 2001 WL 1561803, at *2-3 (E.D. La.
Dec. 6, 2001); *Seaman v. Tetra Applied Techs., Inc.*, No. Civ.A.
99-3811, 2000 WL 222851, at *2 (E.D. La. Feb. 18, 2000). Indeed,
in a case quite similar to this one, this Court held that a
complaint seeking damages arising from an automobile accident did
not facially satisfy the jurisdictional threshold, even though
the plaintiff alleged that he experienced neck and back injuries
and torn medial and lateral menisci in his knee. *Williams v.
Dargins*, No. CIV.A. 99-0019, 1999 WL 163431, at *2-3 (E.D. La.
Mar. 22, 1999).

The Court also notes that plaintiffs have stipulated that
they do not seek more than $75,000 and that they will not execute
a judgment greater than that amount.[11] This document is signed by
plaintiffs' attorney and thus is binding on plaintiffs. *See*

---

[11]    R. Doc. 16-2.

*Degeyter v. Allstate Ins. Co.*, No. 09-1582, 2009 WL 3335959, at
*2 (W.D. La. Oct. 15, 2009) ("It is well settled that an attorney
with proper authority, acting on behalf of his client, can bind
his client."). The Court can consider this stipulation as a
clarification of plaintiffs' demand, since the amount in
controversy was unclear at the time of removal. *See ANPAC*, 988
F.2d at 565; *Mouton v. Balboa Ins. Co.*, Civil Action No. 10-1639,
2010 WL 2902785, at *3 (E.D. La. July 20, 2010); *Jeffcoats*, 2001
WL 1561803 at *2.

Defendants have submitted no evidence that Bryant's damages
exceed $75,000; instead, they offer only conclusory statements in
their notice of removal and opposition to the motion to remand
that the jurisdictional minimum is satisfied.[12] That
distinguishes this case from *McDonald v. Target Corp.*, Civil
Action No. 11-598, 2011 WL 2160495 (E.D. La. June 1, 2011), upon
which defendants rely. *See id.* at *1 (noting that plaintiff's
medical reports indicated that she was still suffering from
"radiating pain in her extremities, neck pain, back pain, joint
pain, and swelling" months after her accident). Defendants'
conclusory assertions that the amount in controversy requirement
is satisfied are insufficient to defeat remand. *See ANPAC*, 988
F.2d at 566 (removing party fails to satisfy its burden of
showing that removal was appropriate if "(1) the complaint did

---

[12]     *See* R. Doc. 1 at 3; R. Doc. 19 at 3-4.

not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the jurisdictional threshold]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff's claims; and (3) the plaintiff timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present"); *Bonck*, 2002 WL 31890932, at *3.

In sum, the Court finds that defendants have failed to carry their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case. The Court thus GRANTS plaintiffs' motion to remand.

New Orleans, Louisiana, this <u>3rd</u> day of February, 2014.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE